reason to believe that the defendants have wrongfully sold stock purchased and held for him, and he brings the action for the damages. In such cases the plaintiff is ordinarily granted a bill of particulars and an examination of the defendants and an inspection of their books. The plaintiff should not be compelled in a case like this to furnish a bill of particulars of the unauthorized sales. He shows by affidavit that he does not know what sales the defendants actually made, and that he has reason to believe that many included in the account are fictitious. Until it is known by an examination of the defendants or a discovery of their books just what purchases and sales were actually made, I think the plaintiff should not be required to admit or deny that a particular sale was authorized, even if the court could make such an order, for he may not be in a position to do so. I think the weight of authority is against requiring a plaintiff in an action of this kind to give a bill of particulars of the purchases and sales which he claims were unauthorized. Messer v. Aaron, 101 App. Div. 169, 91 N. Y. Supp. 921; American Transfer Co. v. Borgfeldt & Co., 99 App. Div. 470, 91 N. Y. Supp. 209; Cohn v. Baldwin (Sup.) 26 N. Y. Supp. 457; Train v. Friedman, 4 Civ. Proc. R. 109; Young v. De Mott, 1 Barb. 30.

It follows, therefore, that the order should be affirmed, with $10 costs and disbursements. All concur.

(110 App. Div. 865)

### LEVY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, First Department. December 8, 1905.)

1. PLEADING—BILL OF PARTICULARS—ALLEGATIONS OF COMPLAINT.
   In an action for injuries, a portion of an order for a bill of particulars requiring a statement as to moneys paid out for medical attention was erroneous; the allegation of the complaint being that plaintiff would necessarily expend money in an endeavor to be cured.

2. SAME—ELEMENT OF DAMAGE.
   In an action for injuries, a bill of particulars may be required, showing in detail how long the plaintiff has been prevented from attending to her business and deprived of her earnings, giving the nature of her business, the amount of income derived therefrom, or, if employed, the amount of her salary.

Appeal from Special Term.

Action by Jessie Levy against the New York City Railway Company. Appeal by plaintiff from an order granting a motion for a bill of particulars. Modified and affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and HOUGHTON, JJ.

J. A. Douglas, for appellant.
B. H. Ames, for respondent.

PER CURIAM. The order should be modified by striking out that part of the order designated "2," because there is no allegation in the complaint that the plaintiff has paid out any money. The only allegation is that she will necessarily expend money in endeavoring to

be cured. That portion of the order designated "1" may be permitted to stand, in so far as to require a statement showing in detail how long the plaintiff has been prevented from attending to her business and deprived of her earnings, giving the nature of her business and the amount of income derived therefrom, or, if employed, the amount of her salary.

As thus modified, the order should be affirmed, without costs to either party.